1  RICHARD C. RAINES CSB #062460
2  Gagen, McCoy, McMahon, Koss, Markowitz & Raines
   279 Front Street
3  P.O. Box 218
   Danville, CA 94526
4  Telephone: (925) 837-0585
   Facsimile: (925) 838-5985
5  rcr@gagenmccoy.com

6  Robert S. Luther, Esq. (SBN 121242)
   LAW DIVISION OF NRT LLC
7  Western Region
   1855 Gateway Blvd., Suite 670
8  Concord, CA 94520
   Telephone:   925.771.5245
9  Facsimile:   925.771.5332
   Bob.luther@westrsc.com
10

11 Attorneys for Defendants JENNIFER LOSKAMP
   and CHRIS SHAHEEN

12

13            UNITED STATES BANKRUPTCY COURT

14    NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re:<br><br>KINGSWAY CAPITAL PARTNERS, LLC | Chapter 11  Bankruptcy<br>Case No.: 14-31532 HLB |
| KINGSWAY CAPITAL PARTNERS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SLAVIK S. LEYDIKER, JAIME ALVAREZ, DAN BEATTY, STEVE CARMASSI, CUSTARD INSURANCE ADJUSTERS, FIRST MERCURY INSURANCE NAIC #10657, BRET HUSTED, INTER WEST INSURANCE SERVICES, JEFFREY JOHNSON, JENNIFER LOSKAMP, MARIA SOSA'S INSURER, NEW BUYER OF SUBJECT PROPERTY, ROOF GUARD COMPANY, INC., CHRIS SHAHEEN, MARIA SOSA, SOSA MARIA G. TRUST, AND STATE COMPENSATION INSURANCE FUND (CA) NAIC #35076<br><br>Defendants. | Adversary Proceeding No. 14-03149 HLB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date:     January 22, 2015<br>Time:    2:00 p.m.<br>Dept:    Courtroom 23<br>Judge:   Hon. Hannah L. Blumenstiel |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case: 14-03149   Doc# 29-1   Filed: 12/10/14   Entered: 12/10/14 14:52:08   Page 1 of
4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Nathaniel Sobayo purportedly does business as Kingsway Capital Partners, LLC. Kingsway filed for relief under Chapter 11. It then brought this adversary proceeding under the Fair Debt Collection Practices Act. Kingsway's action arises out of a purported lease agreement on a commercial building between Sobayo as tenant and the owner/landlord, Maria Sosa.

Moving defendants, Jennifer Loskamp and Chris Shaheen, are real estate agents. The only allegations pertaining to them are contained in the listing of the "defendants." Loskamp and Shaheen are alleged to be the real estate agent for the "purported new buyers" of the property.

Plaintiff's complaint has nothing to do with the attempted sale of the property. It is based on Sosa's (and various people associated with her) alleged misdeeds during Sobayo's tenancy. Neither Jennifer Loskamp nor Chris Shaheen had anything to do with the landlord-tenant issues that are involved in this case.

Sobayo has filed an action in the San Mateo County Superior Court. In that action, Loskamp and Shaheen's demurrer was sustained with leave. It is unknown at this time whether Sobayo will amend the complaint. (See Request for Judicial Notice.)

## II. PLAINTIFF'S ALLEGATIONS

It is difficult to summarize plaintiff's allegations. In a nutshell, it appears that the basis for plaintiff's claim is a purported lease agreement for commercial property on University Avenue in East Palo Alto. Kingsway avers that Sobayo leases commercial space from Maria Sosa; that the property suffered from various defects, including roof leaks; and that as a result, plaintiff's personal property was severely damaged.

The only "allegations" against moving defendants are:

/////

1

Case: 14-03149   Doc# 25-1   Filed: 12/10/14   Entered: 12/10/14 14:32:05   Page 2 of 4

"Jennifer Loskamp, evil-minded Realtor of Coldwell Banker, a franchise division; for proposed and purported new buyer of Subject Property, yet to be identified; and a co-conspirator with all other defendants named herein"; and

"Chris Shaheen evil-minded Commercial Associate of Coldwell Banker, a franchise division; for proposed and purported new buyer of Subject Property, yet to be identified; and a co-conspirator with all other defendants named herein." (See Complaint, p. 2, paragraphs 14-15; p. 4, paragraphs 14-15).

Plaintiff's complaint does not set forth any acts alleged undertaken by either Loskamp or Shaheen relating to Kingsway/Sobayo's tenancy.

## III.  STANDARDS FOR A MOTION TO DISMISS

Under Rule 7012(b) of the Federal Bankruptcy Rules, Rule 12(b)(6) of the F.R.C.P. applies. F.R.C.P. 12(b)(6) provides that a motion to dismiss may be brought when a plaintiff fails to state a claim upon which relief may be granted. The court may dismiss the complaint either because the complaint lacks a cognizable legal theory or because a complaint lacks sufficient allegations to support a cognizable legal theory. *Conservation Force v. Salazar VRW*, 646 F.3d 1240, 1242 (9th Cir. 2011). To defeat a motion to dismiss, plaintiff's complaint must set forth sufficient facts to "state a facially plausible claim to relief." (*Id.*) Generally, the court should "freely give leave [to amend] when justice so requires. [I]t is properly denied, however, if amendment would be futile." *Carrico v City and County SF*, 656 F.3d 1002, 1008 (9th Cir. 2011)

## IV.  STATEMENT OF CORE PROCEEDINGS

This is a core proceeding.

## V.  ARGUMENT

Plaintiff's complaint does not set forth any charging allegations against moving defendants.

/////

2

Case: 14-03149    Doc# 25-1    Filed: 12/10/14    Entered: 12/10/14 14:32:05    Page 3 of 4

1

2      Plaintiff's complaint purports to state five counts. Counts I and II pertain to alleged

3  violations of 15 U.S.C. §§ 1692(i) and 1692(d). Count III appears to be for common law fraud

4  although it also makes reference to 15 U.S.C. §§ 1692(d) and 1692(f). Count IV is apparently a

5  request for injunctive relief for enforcing a debt. Count IV appears to be for common law fraud.

6      The complaint asserts various problems that Sobayo claims occurred as a result of his

7  tenancy at the subject property. There are no allegations that suggest that either Loskamp or

8  Shaheen had anything to do with the lease, the landlord (Sosa) or the tenancy. In fact, Loskamp

9  and Shaheen are specifically referred to as the real estate agents involved in a potential sale of

10  the property representing some unknown buyer. Plaintiff's action is not premised upon any acts

11  pertaining to the attempted sale.

12      Thus, the complaint fails to state any potential cause of action against any moving

13  defendants. Further, as Sobayo's problems stem from his tenancy, any attempt to amend as

14  against Loskamp and Shaheen would be futile. Accordingly, the Court should grant this motion

15  without leave to amend. (*Carrico v. City and County of SF*, (supra) 656 F.3d at 1008.) For the

16  foregoing reasons, this motion should be granted without leave to amend.

17  DATED: December 10, 2014            Respectfully submitted,

18
                                      Gagen, McCoy, McMahon, Koss, Markowitz &
19                                     Raines
                                      A Professional Corporation
20

21                                    By: _____Richard C. Raines_____
                                          Attorneys for Defendants JENNIFER LOSKAMP
22                                        and CHRIS SHAHEEN

23

24

25

26

27

28                                        3

---

Case No. 14-31532 / Adversary Proceeding No. 14-03149
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Case: 14-03149    Doc# 25-1    Filed: 12/10/14    Entered: 12/10/14 14:32:05    Page 4 of
4