# United States Bankruptcy Court
# Northern District of California



DEC 23 2014

UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

**In re** Bankruptcy Case No. 14-31532
KINGSWAY CAPITAL PARTNERS, LLC
**Debtor**
**Plaintiff**
v.
LEYDIKER, et al
**Defendant**

Adversary Proceeding No.14-03149-HLB

*MOTION FOR*
## JUDGMENT BY DEFAULT

Default was entered against these named defendants

**Slavik S. Leydiker**
**Maria Sosa**
**Sosa Maria G Trust**
**Maria Sosa's Insurer**
**Jeffrey Johnson**
**Roof Guard Company, Inc.**
**Inter West Insurance Services**
**First Mercury Insurance NAIC #10657**
**State Compensation Insurance Fund (CA) NAIC #3506**
**Custard Insurance Adjusters**
**Jaime Alvarez**
**Dan Beatty**
**Bret Husted**
**New Buyer of Subject Property**
**Steve Carmassi**

**On 12/19/2014.**

////
////
////
////
////
////
////
////
////
////

Therefore, this plaintiff moves this honorable court, to enter judgment against all these defendants listed as defaulting entities on page one of this very document

The default JUDGMENT of these same defendants should be entered in favor of the plaintiff as follows.

**IT IS ORDERED THAT:**
**The relief and or Judgment sought by Plaintive is granted as move herein below.**

Plaintiff moves this Court for relief as follows: **Relief Sought**
The relief sought in the complaint, are restated in this ways that follow:

## Memorandum of Costs
## Demand of the Adversary Proceeding:       $5,000,000.00

| | |
|---|---|
| **Clerk's filing fees  Petition** | $ 1, 770.00 |
| **AP filing fees** | $    350.00 |
| **Process Services fee** | $    500.00 |
| **Legal Education Research & Consultation** | $ 5, 500.00 |
| **Attorney Fees (Projected )** | $ 25,000.00 |

## TOTAL:            $ 5,033,120.00

STATEMENT AND DEMANDS FOR PAYMENTS FOR PROPERTY DAMAGES AS A DECLARATION IS ATTACHED AS EXHIBIT #1.

**IT IS SO ORDERED BY THE PRESIDING JUDGE:**

_Dated:_
_The Presiding Bankruptcy Judge:_
////
////
////
////
////

12/23/2014

## JUDGMENT BY DEFAULT

**Pertinent Law and Rules:**

1. Bankruptcy Rule 7012(a) provides that the defendant to an adversary proceeding must serve an answer within 30 days of issuance of the summons by the court, unless the court prescribes a different time.

If the United States or an officer or agency of the United States is the defendant, then an answer must be served within 35 days of the issuance of the summons.

2. Bankruptcy Rule 7012(b) incorporates by reference Rule 12(b)(h) of the Federal Rules of Civil Procedure.

This rule permits the defendant to file several types of motion, including a motion to dismiss the complaint, a motion for a more definite statement, and a motion to strike, in lieu of filing an answer.

3. If the defendant serves neither an answer nor one of the motions described in Bankruptcy Rule 7012(b) within the time fixed by Bankruptcy Rule 7012(a), the defendant is said to be in default.

A defendant may also be in default if an answer or motion is served, but the defendant fails to appear at a court hearing.

4. Bankruptcy Rule 7055 incorporates by reference Rule 55 of the **Federal Rules** of Civil Procedure.

This rule provides that when the defendant is in default, the plaintiff may seek to have the clerk enter the default on the court docket.

This entry of default is accomplished by the execution of form B 260.

5. Once a default has been entered, the plaintiff may seek a default judgment.

6. F.R.C.P 55, provides two methods for obtaining a judgment by default.

If the complaint seeks a sum certain, the defendant is neither an infant nor an incompetent person, and the defendant has not served an answer or motion the clerk may enter a judgment for that amount upon receipt of an affidavit from the plaintiff setting forth the amount due.
////
////
////
////

By sum certain, the rule means an amount that can be fixed by simple calculation or that can be set by documentation, such as an invoice.

Merely because a party claims a specific amount, such as $3 million for pain and suffering, does not make that amount a sum certain.

7. In all other instances, including a defendant who served an answer or motion and then fails to appear at a court hearing F.R.C.P 55 requires that the default judgment be entered by the court.

The most common means for seeking a default judgment from the court is for the default judgment to be submitted at the trial.

If no trial has been scheduled, or if the plaintiff does not wish to wait until trial, the plaintiff may wish to move for a default judgment.

Bankruptcy Rule 9013 provides that " A request for an order . . . shall be by written motion, unless made during a hearing.

The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought.

Every written motion . . . shall be served by the moving party on the trustee or debtor in possession and on [the plaintiff]." F.R.C.P. 55(b) requires that a defendant who served an answer or motion and then fails to appear at a court hearing receive at least three days notice of a motion for a default judgment.

8. 50 U.S.C. Appendix § 520 affords to those in military service certain protections against entry of a default judgment.

If the defendant is in the military service, this statute should be consulted.

By: NATHANIEL BASOLA SOBAYO,
CHAIRMAN, PRESIDENT & CEO
FOR : KINGSWAY CAPITAL PARTNERS, LLC

12/22/2014.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
San Francisco Division
UNITED STATES OF AMERICA,

KINGSWAY CAPITAL PARTNERS, LLC

Plaintiff

V.

Bankruptcy Case No. 14-31532
Chapter 11
Adversary Proceeding No. 14-03149

Slavik S. Leydiker, et al,

Defendants.

To: Clerk of Court

## AFFIDAVIT IN SUPPORT OF  REQUEST FOR ENTRY OF DEFAULT JUDGMENT

The undersigned, being first duly sworn, deposes and says:

1 . I am the sole director of Kingsway Capital Partners, LLC.

2. This affidavit is executed by me in accordance with Rule 55 of the Federal Rules of
Civil Procedure and any and all Supplemental Rules for Forfeiture of all Claims and
Defense Forfeiture Actions, specifically for failure to answer or otherwise defend as to
plaintiff's complaint.

3. On NOVEMBER 14, 2014,  KINGSWAY CAPITAL PARTNERS, LLC, filed a
complaint  against the identified defendants, alleging that  these defendants violated
Fair Debt Collection Practices Act, "FDCPA" 15 U.S.C. Sec 1692a, et seq; and common
law fraud.

4. On 11/14/2014, SUMMONS AND NOTICE OF STATUS CONFERENCE IN AN
ADVERSARY PROCEEDING , WAS ISSUED BY THIS COURT, AS ON NOVEMBER
14, 2014.

5. On 11/16/2014 ALL DEFENDANTS WERE SERVED, AND ON 11/20/2014, ALL
CERTIFICATE OF SERVICE WERE FILED WITH THIS COURT. PLEASE, SEE THE
CASE DOCKET FOR PROOFS.

## 6. AS OF TODAY

No person no entity has filed a verified motion or response as required by the subject Summons, with the exceptions of JENNIFER LOSKAMP AND CHRIS SHAHEEN, who both filed a motion to dismiss.

7. Upon information and belief, no person thought to have an interest in the relevant defendants Defense is an infant, incompetent, or presently engaged in military service.

By: NATHANIEL BASOLA SOBAYO,
CHAIRMAN, PRESIDENT & CEO
FOR : KINGSWAY CAPITAL PARTNERS, LLC

12/22/2014.

NATHANIEL BASOLA SOBAYO: Doing Business As:
Kingsway Capital Partners, LLC
2148 UNIVERSITY AVENUE, East Palo Alto, California 94303
Email: nathaniel.sobayo@gmail.com
Telephone: 650-323-1849.    Fax: 650-228-2492.  Cell: 408-323-1849

UNITED STATES BANKRUPTCY COURT
Northern District of California

Re: In re Kingsway Capital Partners, LLC; Chapter 11 Bankruptcy Case No. 14-31532.

# Adversary Proceeding No. 14-03149

## CERTIFICATE OF SERVICE OF DEFENDANT.

( ) Mail SERVICE: Regular, first class United States mail, postage fully
      pre-paid, addressed to:

Name:
Care of Name:
Address:
City:                          State:              Zip:

Request for entry of DEFAULT JUDGMENT & Affidavit in support of;

Declaration by me,

SIGNATURE:                                    DATED: 12/22/2014.
Christopher Franz Wuillemin,

# EXHIBIT NO. 1.

**STATEMENT AND DEMANDS FOR PAYMENTS FOR PROPERTY DAMAGES AS A DECLARATION IS ATTACHED AS EXHIBIT #1.**

**June 28, 2014**
From:
# Nathaniel Basola Sobayo, Plaintiff
# Kingsway Capital Partners, LLC, Plaintiff

**2148 University Avenue**
**East Palo Alto, California 94303**

To:
(1) **Maria Sosa**, Purported land landy & property Owner
(2) Sosa Maria G Trust, as property Owner,
(3) Maria Sosa's Insurer, yet to be identified,
(4) Jeffrey Johnson, of Roof Guard Company, Inc,
(5) Roof Guard Company, Inc, and Enties and IO other partners in the
    same transaction, as identified in the related complaint filed
    on May 24th, 2014.

## Care of:
## Patrick Brock
## Property Manager for Maria Sosa.
@ www.patrickbrockandcompany.com
Via
**Email transmissions to:**
E-mail: brockpatrick288@gmail.com
Phone: 650-799-8563
Fax:    817-690-4078

**DEMAND FOR EXTREME WATER (RAIN) FALLS DAMAGES OF THE**
**PLAINTIFFS' BUSINESS AND PERSONAL PROPERTY DAMAGES:**

////

////

////

*Total Damages Amounts demanded @ $1,630,500.00 By June 28, 2014.*

# STATEMENTS AND DEMANDS FOR PAYMENTS FOR PROPERTY DAMAGES.

## Demand #1:

According to the statement of facts, contained in the  May 24th, 2014, Complaint served on Maria Sosa and (14) other Co-defendants, these plaintiffs identified on page one of this demand document – have suffered damages of properties and entities as direct results of the

(a) Legal Negligence(s);

(b) Series extreme Rainfall(s) damages;

(c) Damages were reasonably foreseeable;

(d) Conditions for Damages were known by Defendants and Maria Sosa;

(e) All Conditions for the Caused damages were known by Maria Sosa and her Co-defendants;

(f) Conditions causing damages, were never disclosed to Plaintiffs;

(g) The conditions that caused the damages, which was known to Maria Sosa, are legally unreasonable;

(h) The dangerous conditions of the related property, the Unsafe Conditions of the property, the Serious Code Violations of the Property Owner, Maria Sosa, that damaged plaintiffs entities, and properties, are very unreasonable:

The case law quoted below may very partially an scantily control this case.

Rodrigues V. State, 472 P. 2d
(Hawaii1970 and Series of other laws and Case Laws)

////

////

////

////

////

////

**In Summary,**
**Rain Water damages as complained by these plaintiffs were caused by**
**Maria Sosa's and Co-defendants'**
**Carelessness,**
**Negligence,**
**Disregards of California Laws**
**Disregards of Federal Laws**
**and all other applicable Laws; for these above reasons; Plaintiffs:**

**Nathaniel Basola Sobayo**
              **and**
**Kingsway Capital Partners, LLC**
**are demanding:**

**(i) Compensation for Cost of Repairs and or replacements**
**(ii)  Compensation for Expenses of Storage**
**(iii) Compensations for Medical Expenses to be incurred**
    **for physical Injuries Suffered;**
    **for Emotional Injuries Suffered;**
    **for Mental Injuries Suffered;**

**As direct results of :**
**Oppressions experienced;**
**Repressions experienced;**
**Depressions experienced;**
**Degradations experienced;**
**Mental Distress experienced;**

**And**

**(iv) Punitive damages for alleged maliciousness towards plaintiffs.**
*////*

*////*

*////*

*////*

Demands are now made for payments for damages as the following listed under here:

(1) Complete refund of $29,750.00
    representing all paid lease or rent payments                    = $29,750.00

(2) Security Deposit of $1,750.00
    upon the signing of the written lease agreement              $1,750.00

(3) Complete Refund for Storage of items intended
    for the makeshift leased location @ $2000.00
    monthly for 27 months = $2,000.00 x 27 =                   $54,000.00

(4) Complete Refund for each moving project,
    transportation, and labor associated with the
    Rain Water Roof Leaks and Showers
             @ $5,000 x 4 =                                          $20,000.00

(5) Software data base(s) lost and or degraded
    as direct results of developed over the past years,
    since 1984, nearly
    30 years of software/databases and storage.
    The sum of  $500,000.00 is here demanded               $500,000.00

(6) Degraded Business Goods, furniture,
    video Systems,
    30 Workstations of Computer Systems
    (Hardware Systems)
    destroyed by the Rain Water damages,
    and loss of use; caused by the degradations and
    disruptions and obstructions caused as alleged.         $250,000.00

////

////

////

(7) **Degraded Books in the Business Professional,**
     **& Personal Library,**
   **CD(s), Art Objects, and Collectibles, and the loss of**
   **use caused by the degradations, disruptions and**
   **obstructions**                                   **$150,000.00**

(8) **Degraded Digital Cameras and Photographic**
     **Equipments, and the loss of use caused by the**
     **degradations, disruptions and obstructions**       **$25,000.00**

(9) **Demands for the costs of hiring and retaining Experts**
     **for the restorations and repairs, as may be feasible,**
     **but not limited to Evaluations and Cost Estimates.**
     **Experts, for the professional and legal evaluations of**
     **all damage(s) and loss(es) $100,000.00**
     **this payment required upfront**                    **$100,000.00**

(10) **Demands for Punitive damages demanded out of**
      **the Jurisdictions of the Legal and Judicial**
      **Systems of the Courts and Law(s)    $500,000.00**   **$500,000.00**

**Total Demands for properties and Entities damages**    **= $1,630,500.00**

**Nathaniel Basola Sobayo**
**Chief Executive Officer**
**Kingsway Capital Partners, LLC**

**Dated June 28th, 2014**
////
////
////
////

| |
|---|
| $29,750.00 |
| $1,750.00 |
| $54,000.00 |
| $20,000.00 |
| $500,000.00 |
| $250,000.00 |
| $150,000.00 |
| $25,000.00 |
| $100,000.00 |
| $500,000.00 |
| $1,630,500.00 |

# PHOTO EXHIBITS TO FOLLOW
## AS PROOF OF CLAIMS

# PHOTO EXHIBITS TO FOLLOW
## AS PROOF OF CLAIMS

*////*

*////*

*////*

# PHOTO EXHIBITS TO FOLLOW
# AS PROOF OF CLAIMS



Exhibits Photos
of damaged
Computers &
Digital Printing
Systems
Hardware photos