SLAVIK S. LEYDIKER (SBN 276264)
Law Office of Steve Leydiker
1771 Woodside Road
Redwood City, CA 94061
TEL: (650) 364-3455  FAX: (650) 616-3924

In Pro Per and Attorney for Defendants,
Dan Beatty and Maria Sosa

**FILED**
DEC 29 2014
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>KINGSWAY CAPITAL PARTNERS, LLC,<br><br>Debtor, | Case No.: 14-31532 HLB 11<br><br>Chapter 11<br><br>Adv. No.: 14-03149 |
| KINGSWAY CAPITAL PARTNERS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SLAVIK S. LEYDIKER, et al.,<br><br>Defendants. | NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT TO COMPLAINT OF PLAINTIFF KINGSWAY CAPITAL PARTNERS, LLC<br><br>Date of Hearing: January 29, 2015<br>Time: 10:00 a.m.<br>Location: 235 Pine St., 23rd Fl.<br>           San Francisco, CA |

TO PLAINTIFF KINGSWAY CAPITAL PARTNERS, LLC, PLAINTIFF'S ATTORNEY OF RECORD, AND ALL OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT ON January 29, 2015 at 10:00 a.m., Defendants SLAVIK S. LEYDIKER, DAN BEATTY AND MARIA SOSA will move this Court for an Order Setting Aside the Entry of Default entered on December 19, 2014, and if necessary, for an Order Setting Aside any Motion for Entry of Default Judgment that may be pending at the time this motion is filed and/or heard. This motion is made pursuant to Fed. R. Bankr. P. 7055, Fed. R. Civ. P. 55(c) and Fed. R. Civ. P. 60(b).

LAW OFFICES OF
STEVE LEYDIKER
1771 WOODSIDE ROAD
REDWOOD CITY, CA 94061
(650) 367-1771

NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

Case: 14-03149    Doc# 33    Filed: 12/29/14    Entered: 12/30/14 13:19:07    Page 1 of 8

The motion will be based on this Notice, Motion, Memorandum of Points and Authorities, Declarations in Support, the complete files and records of this action and proceedings, and upon such oral and documentary evidence as may be presented herein, herewith and at the hearing on this motion. This motion is made following a conference of counsel on December 19, 2014 and December 22, 2014.

DATED: December 29, 2014                    Respectfully Submitted,

_____
SLAVIK S. LEYDIKER, In Pro Per and Attorney for DAN BEATTY AND MARIA SOSA

LAW OFFICES OF
STEVE LEYDIKER
1771 WOODSIDE ROAD
REDWOOD CITY, CA 94061
(650) 367-1771

2

NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

Case: 14-03149   Doc# 38   Filed: 12/29/14   Entered: 12/30/14 13:19:07   Page 2 of 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Slavik S. Leydiker ("Attorney Leydiker" or "Defendant Leydiker"), Dan Beatty ("Defendant Beatty") and Maria Sosa ("Defendant Sosa") submit this motion to set aside entry of default previously granted to Plaintiff Kingsway Capital Partners, LLC and, if necessary, any motion for default judgment that may be pending at the time this motion is filed and/or heard. This motion is made pursuant to Fed. R. Bankr. P. 7055, Fed. R. Civ. P. 55(c) and Fed. R. Civ. P. 60(b). The failure of the Defendants to file a responsive pleading to Plaintiff's Complaint was the result of excusable neglect and should be set aside to facilitate a resolution on the merits.

## ARGUMENT

Fed. R. Civ P. 55 applies to Adversarial Proceedings. (*Fed. R. Bankr. P.* 7055.) Fed. R. Civ. P. 55(c) allows this court to "set aside any entry of default…in accordance with [Fed. R. Civ. P. 60(b)] where "good cause" is shown. This Court has discretion to grant relief to "a party or its legal representative" and to set aside the entry of default if it finds the default was the result of "mistake, inadvertence, surprise or excusable neglect." Setting aside the entry of default satisfies both the Court and the Parties' interest in deciding a case correctly based on legal and factual merit which outweighs the corresponding interests in the finality of the entry of default. (*Pena v. Seguros La Comercial*, 770 F.2d 811, 814 (9th Cir., 1985).

Though this Court has discretion when applying these rules, as a general matter, Fed. R. Civ. P. 60(b) is "remedial in nature" and "must be liberally applied." (*Falk v. Allen*, 739 F.2d 461, 463 (10th Cir., 1984). When applying Fed. R. Civ. P. 60(b), specifically to entry of default and default judgments, "a case should, whenever possible, be decided on the merits" because entry of default and default judgments are only "appropriate" in "extreme circumstances." *Id*. The finality achieved through entry of default should readily give way to the competing interests in reaching the actual merits of the lawsuit. (*TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir., 2001).

Fed. R. Civ. P. 55(c) places "good cause" standard over the Fed. R. Civ. P. 60(b) reasons for setting aside an entry of default based on: (1) whether the defendant's culpable conduct led to

the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside the entry of default would prejudice the plaintiff.

## THE COURT SHOULD SET ASIDE THE DEFAULT BECAUSE IT IS PROCEDURALLY AND LEGALLY DEFECTIVE

As a preliminary discussion, it should be noted that Local Rule 9010-1 of the of the United State Bankruptcy Court, Northern District of California provides that "[a] corporation, partnership, or any entity other than a natural person may not appear as a party in an adversary proceeding or a contested matter or as a debtor in a bankruptcy case except through counsel admitted to practice in this District. Petitions and pleadings from parties who are not individuals must bear the signature of an attorney."

The Request for Entry of Default filed on December 16, 2014 was signed by Nathaniel Basola Sobayo as Chairman, President and CEO of Kingsway Capital Partners, LLC. Although Plaintiff is presently represented by counsel in the Chapter 11 matter, his attorney evidently does not represent Plaintiff in the adversary proceeding. (Declaration of Slavik S. Leydiker (Leydiker Decl.) ¶ 10.) In fact, the Request for Default does not identify his attorney in the caption. Despite the Court's unambiguous instructions and rationale regarding corporate representation only by a licensed attorney, Nathaniel Basola Sobayo ("Sobayo") continues to practice law without a license. (Leydiker Decl., ¶ 9.)

Not only does Sobayo's filing the Request for Entry of Default without his attorney run counter to both the above Local Rule, it runs counter to applicable case law. A corporation, unlike a natural person, cannot represent itself before courts of record in propria persona, nor can it represent itself through a corporate officer, director, or other employee who is not an attorney. It must be represented by a licensed counsel in proceedings before courts of record. (*See In re Highley*, 459 F.2d 554 (9th Cir., 1972) *See, e. g., United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir., 1969); *Shapiro Bernstein Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2nd Cir., 1967); *Simbraw, Inc. v. United States*, 367 F.2d 373 (3rd Cir., 1966); *DeVilliers v. Atlas Corp.*, 360 F.2d 292, 294 (10th Cir., 1966).) Consequently, the default must be set aside on

4

NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

LAW OFFICES OF
STEVE LEYDIKER
1771 WOODSIDE ROAD
REDWOOD CITY, CA 94061
(650) 367-1771

these grounds alone.

## DEFENDANTS' CONDUCT WAS NOT CULPABLE

The analysis of "culpability" for the purpose of demonstrating "good cause" under Rule 55(c) overlaps with the standard of "excusable neglect" under Rule 60(b)(1). The negligent failure to respond is excusable if the defaulting party offers a credible, good faith explanation for the delay that negates "any intention to take advantage of the opposing party, interfere with the judicial decision-making, or otherwise manipulate the legal process." (*TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691, 697-98.) Further, the Court may consider a defendant's exigent personal matters, his mental or physical state, or any other matter that indicates that defendant's failure to timely respond was not the result of bad faith. (*Id.* at 699.)

Plaintiff filed a Chapter 11 bankruptcy Petition on October 23, 2014. The bankruptcy proceeding effectively stayed an unlawful detainer action against Nathaniel Basola Sobayo, dba Kingsway Capital Partners, LLC in San Mateo County Superior Court. (*San Mateo County Superior Court Case No.* CLJ209779.) Thereafter, Attorney Leydiker, on behalf of Defendant Sosa, filed a Motion for Relief from Stay. The Motion came on regularly for hearing on November 17, 2014. Appearing on behalf of Plaintiff was Sobayo, the purported CEO of Kingsway Capital Partners, LLC. The Court instructed Sobayo to retain an attorney to represent Plaintiff and advised Sobayo that he was not permitted by law to represent his LLC. (Leydiker Decl., ¶ 3.) Thereafter, Sobayo retained attorney C. Alex Naegele ("Attorney Naegele").

Defendant Sosa's Motion for Relief from Stay was overruled without prejudice and she filed her second Motion from Relief from Stay on November 18, 2014. The second hearing on said motion was held on December 8, 2014. At the hearing, the Court contemplated the issue of whether the commercial lease at the center of the unlawful detainer action terminated prior Plaintiff filing the underlying bankruptcy petition. (Leydiker Decl., ¶ 6.) The Court reasoned that if the lease had in fact terminated, then there was nothing for the bankruptcy trustee to assume. Thereafter, the Court instructed Attorney Leydiker to file a brief on whether the lease terminated by operation of law. (Leydiker Decl., ¶ 6.) A hearing was set for February 19, 2015 ("February 19th hearing").

LAW OFFICES OF STEVE LEYDIKER
1771 WOODSIDE ROAD
REDWOOD CITY, CA 94061
(650) 367-1771

NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

Case: 14-03149   Doc# 35   Filed: 12/29/14   Entered: 12/30/14 13:19:07   Page 5 of 8

Defendant Leydiker spoke with Defendants Sosa and Beatty regarding the February 19th hearing and explained that the hearing will be determinative of whether the stay is lifted. (Leydiker Decl., ¶ 7-8; Declaration of Maria Sosa (Sosa Decl.) ¶ 5-6; Declaration of Dan Beatty (Beatty Decl.) ¶ 5-6.) Defendant Leydiker further explained that the February 19th hearing will likely be determinative of whether the adversary proceeding survives, so it would make sense to postpone filing any responsive pleadings in the adversary proceeding until the Court makes a decision on whether the lease terminated. (Leydiker Decl., ¶ 7-8; Sosa Decl.,¶ 5-6; Beatty Decl., ¶ 5-6.)

Finally, Defendant Leydiker indicated to Defendant Beatty that the Court instructed Sobayo to retain an attorney to represent Plaintiff and that Sobayo would be barred from filing any further pleadings without his attorney's signature. (Leydiker Decl., ¶ 8; Beatty Decl., ¶ 7.) Although Leydiker did not have discussions with Attorney Naegele regarding the adversary proceeding prior to December 19, 2014, it was presumed that Attorney Naegele would not take any action in the adversary proceeding until after the February 19th hearing. (Leydiker Decl., ¶ 7.)

Despite being admonished by the Court that Plaintiff could only be represented by a licensed attorney, Sobayo filed a request for default on December 16, 2014, signing the pleadings in his individual capacity and in direct contravention to the Court's instructions, Local Rule 9010-1, and long standing law.

On December 19, 2014, Defendant Leydiker contacted Attorney Naegele regarding the default. Attorney Naegele indicated that he is not going to be involved in the adversary proceeding because his goal was only to affect reorganization and allow Plaintiff to continue operating under the lease. On December 22, 2014, to no avail, Defendant Leydiker contacted Attorney Naegele to demand that Sobayo dismiss the adversary action.

**DEFENDANTS HAVE A MERITORIOUS DEFENSE TO THE LAWSUIT**

A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." (*Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).) All that is required is an assertion of "a

6

NOTICE OF MOTION AND MOTION TO SET ASIDE ENTRY OF DEFAULT

LAW OFFICES OF
STEVE LEYDIKER
1771 WOODSIDE ROAD
REDWOOD CITY, CA
(650) 367-1771

factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is resolved at a later stage." (*Audio Toys, Inc. v. Smart AV Pty Ltd.*, 2007 U.S. Dist. LEXIS 44078 (N.D. Cal. June 6, 2007). Defendants are prepared, if necessary, to make factual admissions and denials to the Complaint. As to those denials, there exist factual issues that can only be resolved through litigation at trial. The Defendants are prepared to assert the following legal and factual (affirmative) defenses to this lawsuit:

1. The Complaint fails to state a claim upon which relief can be granted;
2. Plaintiff has failed to plead sufficient facts to establish a right to the relief requested;
3. Plaintiff's claims are barred, to the extent Plaintiff has waived, in whole or in part, each such claim or cause of action;
4. Plaintiff's claims are barred, to the extent Plaintiff is estopped, in whole or in part, from asserting each such claim or cause of action;
5. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches;
6. Plaintiff has brought this Complaint and each cause of action therein in bad faith and for an improper, immoral and illegal purpose and to harass these Defendants;
7. Plaintiff has violated a law; and
8. Defendants have acted in good faith.

If the Defendants prevail on the disputed factual matters or legal defenses, the outcome would be contrary to the result achieved by default. Therefore, Defendants have set forth a meritorious defense that satisfies the second good cause factor.

## PLAINTIFF WILL NOT SUFFER PREJUDICE IF ENTRY OF DEFAULT IS SET ASIDE

Prejudice is determined by whether a party will be hindered in pursuing its claim. (*TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691, 701.) The fact that a party may be denied a quick victory is not sufficient to deny relief from default judgment. (*Bateman v. United States Postal Service*, 231 F.3d 1220, 1225 (9th Cir., 2000).) "The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." (*Audio Toys*, 2007 supra.).

LAW OFFICES OF
STEVE LEYDIKER
1771 WOODSIDE ROAD
REDWOOD CITY, CA 94061
(650) 367-1771

Allowing the case to move forward on the merits after only a short delay should not prejudice Plaintiff's ability to litigate this case. The only prejudice that might result to Plaintiff by setting aside the default and denying Plaintiff's default is that Plaintiff will not be able to ensure an easy victory.

Indeed, it is difficult to imagine how Plaintiff would not benefit from a set aside. Not only is the Complaint unintelligible, Plaintiff did not plead the necessary elements to properly set out the respective causes of action. It's unclear how any liability could be attributed to Leydiker or Beatty, as Plaintiff merely seeks to insult them with words like "crooked," "fraudulent," and "evil minded." Certainly, Plaintiff would not get very far at a prove-up hearing without more. By setting aside the entry of default, Plaintiff's attorney could then assist in an affective manner, which is what Defendants originally anticipated.

## CONCLUSION

Defendants are prepared to file the necessary responsive pleadings. Defendants' delay in responding was not culpable, Sobayo was prohibited from filings the Request for Entry of Default on the behalf of Plaintiff, Defendants have meritorious responses, and Plaintiff will not suffer any prejudice in pursuing its claims if the default is set aside. Thus Defendants have met the good cause standard of Rule 55(c) and this Court should set aside the entry of default against them and pending motion for default judgment that may be pending at the time this Motion is filed and/or heard.

Finally, without an attorney representing Kingsway in the adversary action, it should be dismissed.

DATED: December 29, 2014

Respectfully Submitted,

_____
SLAVIK S. LEYDIKER, In Pro Per and Attorney for DAN BEATTY AND MARIA SOSA

LAW OFFICES OF
STEVE LEYDIKER
1771 WOODSIDE ROAD
REDWOOD CITY, CA 94061
(650) 367-1771