```
C. Alex Naegele (CA Bar No. 255887)
C. ALEX NAEGELE,
A PROFESSIONAL LAW CORPORATION
95 South Market Street, Suite 300
San Jose, CA, 95113
Telephone: (408) 995-3224
Facsimile: (408) 890-4645
Email: alex@canlawcorp.com

Attorney for Kingsway Capital Partners, LLC
Plaintiff and Debtor and Debtor in Possession
```

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>KINGSWAY CAPTIAL PARTNERS, LLC,<br>a Delaware Limited Liability Company<br><br>　　　　　Debtor.<br>_____<br><br>KINGSWAY CAPTIAL PARTNERS, LLC,<br>a Delaware Limited Liability Company<br><br>　　　　　Plaintiff,<br>v.<br><br>MARIA SOSA, aka MARIA G. SOSA, an individual, MARIA G. SOSA TRUST, and DOES 1-10;<br><br>　　　　　Defendants.<br>_____ | Case No. 14-31532 HLB<br><br>Chapter 11<br><br>Adv. Pro. No. 14-03149<br><br>**FIRST AMENDED COMPLAINT FOR**<br><br>1. **BREACH OF CONTRACT;**<br>2. **VIOLATION OF CALIFORNIA CIVIL CODE § 1942.5**<br>3. **BREACH OF IMPLIED WARRANTY OF HABITABILITY**<br>4. **SETOFF;**<br>5. **RECOUPMENT;**<br>6. **DISALLOWANCE OF CLAIM;** |

　　　　Kingsway Capital Partners, LLC, Plaintiff and debtor and debtor in possession and herein (the "Plaintiff" or "Debtor") hereby brings this action for damages under California common law, and for settoff, recoupment and disallowance of claim against Defendants (defined *infra*).

Plaintiff complains and alleges upon information and belief based, *inter alia*, upon investigation conducted by Plainitff and his counsel, as follows:

## THE PARTIES

1. Plaintiff Kingsway Capital Partners, LLC is, and at all times relevant hereto was, a Delaware Limited Liability Company. Plaintiff maintains its principal place of business in East Palo Alto, California.

2. Plaintiff is informed and believes, and thereupon alleges, that Defendant Maria Sosa, aka Maria G. Sosa ("Sosa") is an individual who resides in East Palo Alto, California. Sosa and/or the Maria G. Sosa Trust are the landlord of the commercial premises rented by Plaintiff.

3. Plaintiff is informed and believes, and thereupon alleges, that Defendant Maria G. Sosa Trust ("Sosa Trust") is a trust for which Sosa is the trustee. Plaintiff is further informed and believes that Sosa transferred the premises which Plaintiff rents to the Sosa Trust.

4. Sosa and the Sosa Trust are collectively referred to herein as "Defendants."

5. Whenever in this complaint reference is made to any act or omission of Defendants, such act or omission shall be deemed the act or omission of each Defendant, acting individually, jointly and severally.

## JURISDICTION AND VENUE

6. This is an adversary proceeding brought under 28 U.S.C. 157(b)(2)(B), (C), (E) and (O), 11 U.S.C. § 502(a) and (d) and 11 U.S.C. § 542, 11 U.S.C. § 553 and Federal Rules of Bankruptcy Procedure 3007 and 7001 et seq.

7. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 8 U.S.C. 157(b)(2)(B), (C), (E) and (O), and 28 U.S.C. 1334 and 28 U.S.C. § 1367(a).

8. Venue is proper in this district pursuant to 28 U.S.C. §1409.

## FACTUAL BACKGROUND

9. On or around 2011, Plaintiff began to lease a commercial space at 2148 University Avenue, East Palo Alto, CA (the "Premises").

10. From 2011 to 2013, the Debtor paid rent to Defendants without a written lease agreement.

11. On January 29, 2013, Plaintiff signed a 5 year lease agreement with Maria Sosa. A true and correct copy of this lease is attached hereto as "Exhibit A."

12. The lease provided for rental payments of $1,750.00 per month. The rental rate of $1,7500.00 per month to rent the Premises is below the current market rate should Plaintiff be required to rent a new commercial space with the same square footage in East Palo Alto, CA.

13. Between December, 2013 and January, 2014, heavy rainfall caused damage to the Premises, as well as damage to the Plaintiff business property and personal property of Plaintiff's owner.

14. Plaintiff contacted landlord Maria Sosa to inquire about repairing the Premises in January, 2014. Plaintiff further inquired whether Maria Sosa would compensate the Plaintiff for damages to business and personal property.

15. Plaintiff and Maria Sosa met on or around February, 2014 to discuss repairing the Premises. At that meeting was a repairman, Jeffrey Johnson, owner of Roof Guard Company, Inc., and the property manager of the Premises, Patrick Brock.

16. When no agreement could be reached on the reimbursement of property damages, Plaintiff sent an email on to Maria Sosa on February 20, 2014 that Plaintiff would be withholding rent until the issue of damages could be resolved. A true and correct copy of this email is attached hereto as "Exhibit B."

17. Following the February meeting, on March 10, 2014, Plaintiff prepared a memorandum of understanding for Maria Sosa to sign which stated that Maria Sosa would 1) Repair the Premises and 2) Compensate Plaintiff for business and personal property damages. A true and correct copy of this memorandum of understanding is attached hereto as "Exhibit C." Maria Sosa never signed the memorandum of understanding.

18. Because Maria Sosa failed to agree that she would compensate Plaintiff for damages to business and personal property, and because the roof had not been satisfactorily

repaired, Plaintiff withheld rent on or around April or May, 2014. As of January, 2015, the roof still leaks from heavy rainfall in December, 2014.

19. On May 26, 2014, Plaintiff sent a final demand email for damages to business and personal property and a notice of intent to file a lawsuit seeking damages if no agreement was reached. A true and correct copy of this email is attached hereto as "Exhibit D."

20. On June 28, 2014, Plaintiff sent a detailed description of damages and calculation of amount of damages. A true and correct copy of this email is attached hereto as "Exhibit E."

21. Defendants responded by filing an unlawful detainer complaint against Plaintiff ten days later on July 8, 2014. A true and correct copy of the unlawful detainer papers served on Plaintiff is attached hereto as "Exhibit F."

22. Plaintiff, who had given Defendants no less than four (4) written demands for damages, in an attempt to exercise Plaintiff's rights under the lease finally filee a lawsuit for damages in superior court against Defendants on September 5, 2014. A true and correct copy of the complaint filed by Plaintiff against Defendants in superior court is attached hereto as "Exhibit G."

23. However, the unlawful detainer action was still proceeding against Plaintiff. Faced with the imminent threat of eviction based on the unlawful detainer action that Defendants filed, Plaintiff filed the instant chapter 11 bankruptcy case on October 23, 2014.

24. On Plaintiff's bankruptcy schedules, Plaintiff listed the September 5, 2014 lawsuit against Defendants as an asset on the Debtor's schedules.

25. The bankruptcy court now has jurisdiction of the portion of the September 5, 2014 lawsuit against Defendants.

26. Any damages claim recovered in this lawsuit will be property of the estate, and as such said damages are therefore subject to the setoff, recoupment and turnover provisions of the bankruptcy code.

FIRST AMENDED COMPLAINT - 4
Case: 14-03149   Doc# 86   Filed: 03/03/15   Entered: 03/03/15 12:41:13   Page 4 of 10

# FIRST CAUSE OF ACTION

## (Breach Of Contract)

27. Plaintiff incorporates by reference paragraphs 1 through 26 above as though fully set forth herein.

28. Plaintiff and Defendants signed a five year lease on January 29, 2013. The five year lease states that it will not expire until January 17, 2018.

29. Plaintiff fulfilled all terms and conditions required of it under the five year lease, other than those in which Defendants prevented Plaintiff from performing or those which Plaintiff is excused from performing.

30. Defendants breached the five year lease by failing to repair the roof properly. Specifically, Defendants breached their duties under the portion of the lease that states "MAINTANENCE. Landlord shall have the responsibility to maintain the Premises in good repair at all times."

31. Because of the rainwater damage, landlord had a obligation under the contract to maintain the Premises in good repair. By failing to repair the roof, rainwater caused damages to Plaintiff's property.

32. Moreover, Defendants breached a another portion of the five year lease which states:

> DESTRUCTION OR CONDEMNATION OF PREMISES. <u>If the Premises are partially destroyed by fire or other casualty to an extent that prevents the conducting of Tenant's use of the Premises in a normal manner, and if the damage is reasonably repairable within sixty days after the occurrence of the destruction and if the cost of repair is less than $35,000.00, Landlord shall repair the Premises</u> and a *just proportion of the lease payments shall abate during the period of the repair according to the extent to which the Premises have been rendered untenantable*. (emphasis added)

33. Defendants breached their obligation to repair the premises under the express terms of the contract above within sixty (60) days from the damage in January, 2014.

34. As result, according to the five year lease, payments under the lease are to abate during the period during which the premises are rendered untenable. Therefore, Plaintiff's withholding of rent was not in breach of the lease.

35. Defendants breached the lease both by 1) failing to maintain the premises in good repair and 2) failing to repair the Premises within sixty (60) days.

36. As a direct and proximate cause of Defendants breach, Plaintiff suffered damage to business and personal property in an amount to be proven at trial.

37. In the event that Defendants have filed or shall file one more more proof of claims herein, each and every claim of Defendants should be disallowed on the grounds that Defendants have not surrendered the the monies and damages references in the causes of action in this complaint, which Plaintiff was damaged in an amount to be proven at trial, under 11 U.S.C. §§ 502(d) and 542 for failure to turn over property of the estate.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## SECOND CAUSE OF ACTION

**(Violation Of California Civil Code § 1942.5)**

38. Plaintiff incorporates by reference paragraphs 1 through 37 above as though fully set forth herein.

39. California civil code § 1942.5 prevents the retaliatory eviction by a landlord of a tentant "because of the exercise by the lessee of his rights under this chapter."

40. Plainitff has consistently attempted to exercise his rights under the five year lease as described above. Plaintiff's actions amount to no more than attempting to enforce the lease and Calfornia law by compelling a landlord to do what a landlord is already required to do under California law – keep the premises in good repair.

41. By exercising Plaintiffs rights under the law, Defendants have not only failed to comply, but have filed a realiatory eviction lawsuit under California civil code § 1942.5.

42. As a result, Defendants have violated California civil code § 1942.5.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## THIRD CAUSE OF ACTION

**(Breach of Implied Warranty Of Habitability)**

43. Plaintiff incorporates by reference paragraphs 1 through 42 above as though fully set forth herein.

44. Implied in every residential landlord-tenant relationship is an implied warranty of habitability that the presmises must be kept habitabile and in good repair.

45. California case law has held that the residental implied warranty of habitability should be extended to commercial landlord-tenant relationships in which the tenant is a small busines and does not have sufficient funds to perform the repairs themselves. *See Golden v. Conway*, 55 Cal.3d 948 (1976); *Four Seas Investment Corp. v. International Hotel Tenants Association*, 81 Cal.App.3d 604 (1978).

46. Plaintiff is a small business that did not have sufficient funds to perform the repairs described in this complaint. Therefore, the implied warranty of habitability applies to Plaintiff.

47. Defendants breached the implied warranty of habitability when they failed to keep the Premises in good repair with no rainwater leakage.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## **FOURTH CAUSE OF ACTION**

### **(Setoff)**

48. Plaintiff incorporates by reference paragraphs 1 through 47 above as though fully set forth herein.

49. This Court has the authority to grant equitable relief in this action pursuant to Federal Rules of Bankruptcy Procedure 7001(7).

50. Plaintiff begain withholding rent around April or May, 2014. Plaintiff began paying rent again in December, 2014, as ordered by this Court.

51. Defendants are therefore creditors of the Debtor's bankruptcy estate, in the approximate amount of $12,000.

52. By this Complaint, Plaintiff seeks damages against Defendants, to be proven at trial, but no less than $20,000.

53. Plaintiff is a creditor of Defendants by virtue of the filing of this lawsuit.

54. As a creditor of Defendants, Plaintiff is is entitled to off-set any monies against Defendants claim against the Debtor's bankruptcy estate.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## FIFTH CAUSE OF ACTION

**(Recoupment Against All Defendants)**

55. Plaintiff incorporates by reference paragraphs 1 through 54 above as though fully set forth herein.

56. This Court has the authority to grant equitable relief in this action pursuant to Federal Rules of Bankruptcy Procedure 7001(7).

57. By this Complaint, Plaintiff seeks damages against Defendants, to be proven at trial, but no less than $20,000. Plaintiff is therefore a creditor of Defendants.

58. As a creditor of Defendants, Plaintiff is is entitled to recoupment of any monies against Defendants claim against the Debtor's bankruptcy estate.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## SIXTH CAUSE OF ACTION

**(Disallowance of Claim – 11 U.S.C. § 502(d))**

59. Plaintiff incorporates by reference paragraphs 1 through 58 above as though fully set forth herein.

60. This complaint for damages under 28 U.S.C. § 157(b)(2)(C) is a continuation of the complaint filed by Plaintiff against Defendants in superior court.

61. Plaintiff scheduled this complaint as an asset of the estate on its bankruptcy petition.

62. This complaint is therefore property of Plaintiff's bankruptcy estate.

63. Insofar as a judicial court finds Defendants liable for damages as a result of this complaint, said damages are also property of the estate.

64. In the event that Defendants have filed or shall file one more more proof of claims herein, each and every claim of Defendants should be disallowed on the grounds that Defendants have not surrendered the the monies and damages references in the causes of action in this complaint, which Plaintiff was damaged in an amount to be proven at trial, but in no case less than $20,000 under 11 U.S.C. §§ 502(d) and 542 for failure to turn over property of the estate.

65. Plaintiff further reserves additional rights to disallow Defendants proof of claim under 11 U.S.C. § 502(d) as to any and all other grounds for disallowance not known to Plaintiff at this time but that may be established according to proof.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in favor of Plaintiff and against Defendants, as follows:

1) For actual damages sustained to Plaintiff's business and personal property located on the Premises, but under no circumstances less than $20,000;
2) For an order directing Defendants to fix the roof on the Premises properly to prevent further damages;
3) Punitive damages in an amount not less than $100 nor more than $2,000 for each retaliatory eviction act under Cal. Civ. Code. § 1942.5
4) For and order allowing Plaintiff to off-set and/or recoup any damages obtained by judgment in this proceeding against any claim of Defendants in Debtor's underlying bankruptcy case.
5) For an order disallowing any claim by Defendants to property of Debtor's bankruptcy estate to the extent that Defendants refuse to turn over any damages awarded under this complaint.
6) Awarding Plaintiff pre-judgment interest on all damages at the earliest date and the maximum amount allowed by law;
7) Awarding Plaintiff costs of this suit;
8) Awarding Plaintiff attorney's fees; and
9) Awarding Plaintiff such other and further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| | **C. ALEX NAEGELE,**<br>**A PROFESSIONAL LAW CORPORATION** |
| Date: March 3, 2015 | By: /s/ C. Alex Naegele<br>C. Alex Naegele<br>Attorney for Kingsway Capital Partners, LLC,<br>Plaintiff and Debtor and Debtor in Possession |