Exhibit A

# COMMERCIAL LEASE

This Lease Agreement (this "Lease") is dated January 16, 2013, by and between MARIA SOSA, Landlord & Patrick Brock, Agent & Property Manager ("Landlord"), and Nathaniel Basola Sobayo, dba: Kingsway Capital Partners, LLC ("Tenant"). The parties agree as follows:

**PREMISES.** Landlord, in consideration of the lease payments provided in this Lease, leases to Tenant APPROXIMATELY 17 FEET WIDE AND 79 FEET IN LENGTH (the "Premises") located at 2148 UNIVERSITY AVENUE,, EAST PALO ALTO, CA 94303.

**TERM.** The lease term will begin on January 16, 2013 and will terminate on January 17, 2018.

**LEASE PAYMENTS.** Tenant shall pay to Landlord monthly installments of $1,750.00, payable in advance on the sixteen day of each month, for a total lease payment of $105,000.00. Lease payments shall be made to the Landlord at 475 BELL STREET, EAST PALO ALTO, CA 94303, which address may be changed from time to time by the Landlord.

**SECURITY DEPOSIT.** At the time of the signing of this Lease, Tenant shall pay to Landlord, in trust, a security deposit of $1,750.00 to be held and disbursed for Tenant damages to the Premises (if any) as provided by law, the sum of $1400.00, is already in deposit with landlord, the balance of $350.00, shall be paid in (14) monthly installments of $25.00, to make up the $1750.00, security deposit payment.

**POSSESSION.** Tenant shall be entitled to possession on the first day of the term of this Lease, and shall yield possession to Landlord on the last day of the term of this Lease, unless otherwise agreed by both parties in writing. At the expiration of the term, Tenant shall remove its goods and effects and peaceably yield up the Premises to Landlord in as good a condition as when delivered to Tenant, ordinary wear and tear excepted.

**USE OF PREMISES.** Tenant may use the Premises for Real Eastate Investments , Business Sales, Business Marketing, Business Management, Business Marketing Communications, International Transactions, Business Agencies, Rental Agencies, Imports & Export Services, WholeSale & Retail Services, Business Consulting Services, Business Incubator Services, Offices For East Palo Alto & Belle Haven Chamber of Commerce Services, but not limited to all relevant & partinent legally possible services and use. The Premises may be used for any other purpose with the prior written consent of Landlord, which shall not be unreasonably withheld. Tenant shall notify Landlord of any anticipated extended absence from the Premises not later than the first day of the extended absence.

**EXCLUSIVITY.** Landlord shall not directly or indirectly, through any employee, agent, or otherwise, lease any space within the property (except the Premises herein described), or permit the use or occupancy of any such space whose primary use of business is in, or may result in, competition with the Tenants primary use of business. The Landlord hereby gives the Tenant the exclusive right to conduct their primary use of business on the property.

1

**PARKING.** Tenant shall be entitled to use any and all 16 parking space(s) for the parking of the Tenant's customers'/guests' motor vehicle(s), sharing the same parking space(s) with all other tenants'/guests', on first arrived use basis for all.

**PROPERTY INSURANCE.** Landlord and Tenant shall each maintain appropriate insurance for their respective interests in the Premises and property located on the Premises. Landlord shall be named as an additional insured in such policies. Both sides shall deliver appropriate evidence to each side as proof that adequate insurance is in force issued by companies reasonably satisfactory to both sides. Both side shall receive advance written notice from the insurer prior to any termination of such insurance policies. Both sides shall also maintain any other insurance which may reasonably be required for the protection of each side's interest in the Premises.

Tenant is responsible for maintaining casualty insurance on its own property.

**RENEWAL TERMS.** This Lease shall automatically renew for an additional period of One "sixty months" or "5 years" per renewal term, unless either party gives written notice of termination no later than "60 to 90 days" "2 to 3 months" prior to the end of the term or renewal term. The lease terms during any such renewal term shall be the same as those contained in this Lease.

**MAINTENANCE.** Landlord shall have the responsibility to maintain the Premises in good repair at all times.

**UTILITIES AND SERVICES.**

Landlord shall be responsible for the following utilities and services in connection with the Premises:
- water and sewer
- The landlord will be responsible for all repairs to the building, all appurtenants, inside and outside the property, which include all plumbing, eletrical, roof, ceiling, and all fixtures, as the property is from the begining of the lease to the end of the lease.

Tenant shall be responsible for the following utilities and services in connection with the Premises:
- electricity
- gas
- heating
- garbage and trash disposal
- janitorial services
- telephone service
- Upon the begining of the lease, tenant intends to do a major lease hold improvements of the property, with the approval of the landlord and the government authorities. All such intentions, and or services will be offered in specific details in writing for approval, prior to the start of any such duties and responsibilities, to be assumed by tenant.

2

Tenant acknowledges that Landlord has fully explained to Tenant the utility rates, charges and services for which Tenant will be required to pay to Landlord (if any), other than those to be paid directly to the third-party provider.

**TAXES.** Taxes attributable to the Premises or the use of the Premises shall be allocated as follows:

>  REAL ESTATE TAXES. Landlord shall pay all real estate taxes and assessments for the Premises.

>  PERSONAL TAXES. Landlord shall pay all personal taxes and any other charges which may be levied against the Premises and which are attributable to Tenant's use of the Premises, along with all sales and/or use taxes (if any) that may be due in connection with lease payments.

**DESTRUCTION OR CONDEMNATION OF PREMISES.** If the Premises are partially destroyed by fire or other casualty to an extent that prevents the conducting of Tenant's use of the Premises in a normal manner, and if the damage is reasonably repairable within sixty days after the occurrence of the destruction, and if the cost of repair is less than $35,000.00, Landlord shall repair the Premises and a just proportion of the lease payments shall abate during the period of the repair according to the extent to which the Premises have been rendered untenantable. However, if the damage is not repairable within sixty days, or if the cost of repair is $35,000.00 or more, or if Landlord is prevented from repairing the damage by forces beyond Landlord's control, or if the property is condemned, this Lease shall terminate upon twenty days' written notice of such event or condition by either party and any unearned rent paid in advance by Tenant shall be apportioned and refunded to it. Tenant shall give Landlord immediate notice of any damage to the Premises.

**DEFAULTS.** Tenant shall be in default of this Lease if Tenant fails to fulfill any lease obligation or term by which Tenant is bound. Subject to any governing provisions of law to the contrary, if Tenant fails to cure any financial obligation within 15 days (or any other obligation within 90 days) after written notice of such default is provided by Landlord to Tenant, Landlord may take possession of the Premises without further notice (to the extent permitted by law), and without prejudicing Landlord's rights to damages. In the alternative, Landlord may elect to cure any default and the cost of such action shall be added to Tenant's financial obligations under this Lease. All sums of money or charges required to be paid by Tenant under this Lease shall be additional rent, whether or not such sums or charges are designated as "additional rent". The rights provided by this paragraph are cumulative in nature and are in addition to any other rights afforded by law.

**LATE PAYMENTS.** For any payment that is not paid within 15 days after its due date, Tenant shall pay a late fee of $26.25.

**CUMULATIVE RIGHTS.** The rights of the parties under this Lease are cumulative, and shall not be construed as exclusive unless otherwise required by law.

**NON-SUFFICIENT FUNDS.** Tenant shall be charged $28.00 for each check that is returned to Landlord for lack of sufficient funds.

**REMODELING OR STRUCTURAL IMPROVEMENTS.** Tenant shall have the obligation to conduct any construction or remodeling (at Tenant's expense) that may be required to use the Premises as specified above. Tenant may also construct such fixtures on the Premises (at Tenant's expense) that appropriately facilitate its use for such purposes. Such construction shall be undertaken and such fixtures may be erected only with the prior written consent of the Landlord which shall not be unreasonably withheld. Tenant shall may install awnings or advertisements on any part of the Premises with Landlord's prior written consent. At the end of the lease term, Tenant shall be entitled to remove (or at the request of Landlord shall remove) such fixtures, and shall restore the Premises to substantially the same condition of the Premises at the commencement of this Lease.

**INDEMNITY REGARDING USE OF PREMISES.** To the extent permitted by law, Tenant agrees to indemnify, hold harmless, and defend Landlord from and against any and all losses, claims, liabilities, and expenses, if any, which Landlord may suffer or incur in connection with Tenant's possession, use or misuse of the Premises, except Landlord's act or negligence.

**DANGEROUS MATERIALS.** Tenant shall not keep or have on the Premises any article or thing of a dangerous, flammable, or explosive character that might substantially increase the danger of fire on the Premises, or that might be considered hazardous by a responsible insurance company, unless the prior written consent of Landlord is obtained and proof of adequate insurance protection is provided by Tenant.

**COMPLIANCE WITH REGULATIONS.** Tenant shall promptly comply with all laws, ordinances, requirements and regulations of the federal, state, county, municipal and other authorities, and the fire insurance underwriters. However, Tenant shall not by this provision be required to make alterations to the exterior of the building or alterations of a structural nature, without prior written consent of landlord or the government authorities.

**MECHANICS LIENS.** Neither the Tenant nor anyone claiming through the Tenant shall have the right to file mechanics liens or any other kind of lien on the Premises and the filing of this Lease constitutes notice that such liens are invalid. Further, Tenant agrees to (1) give actual advance notice to any contractors, subcontractors or suppliers of goods, labor, or services that such liens will not be valid, and (2) take whatever additional steps that are necessary in order to keep the premises free of all liens resulting from construction done by or for the Tenant.

**NOTICE.** Notices under this Lease shall not be deemed valid unless given or served in writing and forwarded by mail, postage prepaid, addressed as follows:

**LANDLORD:**

MARIA SOSA, Landlord & Patrick Brock, Agent & Property Manager
Care of : 475 BELL ST,
EAST PALO ALTO, CA 94303

4

**TENANT:**

Nathaniel Basola Sobayo, dba: Kingsway Capital Partners, LLC
P.O.BOX 1052
PALO ALTO, California 94302

Such addresses may be changed from time to time by any party by providing notice as set forth above. Notices mailed in accordance with the above provisions shall be deemed received on the third day after posting.

**GOVERNING LAW.** This Lease shall be construed in accordance with the laws of the State of California.

**ENTIRE AGREEMENT/AMENDMENT.** This Lease Agreement contains the entire agreement of the parties and there are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Lease. This Lease may be modified or amended in writing, if the writing is signed by the party obligated under the amendment.

**SEVERABILITY.** If any portion of this Lease shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If a court finds that any provision of this Lease is invalid or unenforceable, but that by limiting such provision, it would become valid and enforceable, then such provision shall be deemed to be written, construed, and enforced as so limited.

**WAIVER.** The failure of either party to enforce any provisions of this Lease shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Lease.

**BINDING EFFECT.** The provisions of this Lease shall be binding upon and inure to the benefit of both parties and their respective legal representatives, successors and assigns.

**LANDLORD:**

_____ Date: 1-18--13  1-29-13
MARIA SOSA, Landlord & Patrick Brock, Agent & Property Manager

**TENANT:**
Nathaniel Basola Sobayo, dba: Kingsway Capital Partners, LLC

By: _____ Date: 1/29/2013
Nathaniel Basola Sobayo

6



EXHIBIT A